UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RANDALL A. MYERS,

    Plaintiff,

v.    No.:   3:14-cv-180-TAV-CCS

ROBERT L. HEADRICK,

    Defendant.

# MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**. All pending motions are **DENIED** as **MOOT**.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th

Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff is an inmate in the Blount County Detention Center. His complaint is against Blount County General Sessions Judge Robert L. Headrick. Plaintiff alleges that defendant Headrick failed to follow the rules and regulations of the State of Tennessee regarding jail credits and as a result plaintiff served 43 days over his 50-day sentence for violation of an order of protection. Plaintiff seeks money damages from the defendant.

A state judicial officer enjoys absolute judicial immunity from an award of money damages for past judicial acts on matters that are clearly within the court's jurisdiction. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978); *Mann v. Conlin*, 22 F.3d 100, 103-104 (6th Cir. 1994). "The entitlement is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). *See also Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

This is true even where the judge acts "erroneously, corruptly or in excess of jurisdiction." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). In *King v. Love*, the Sixth Circuit noted that "a judge of a court of general jurisdiction is absolutely immune from an action for damages if he exceeds his authority in resolving a matter over which his court has subject matter jurisdiction." *Id*. at 966. The Court then extended the same protection to judges of courts of limited jurisdiction and held that "where a judge of a court of limited jurisdiction engages in judicial acts in deciding a case over which the court has subject matter jurisdiction, he is absolutely immune from suits for damages even if he exceeds his authority or his jurisdiction." *Id*. at 968. *See also Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111 (6th Cir. 1997); *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994).

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The Court **CERTIFIES**

3

Case 3:14-cv-00180-TAV-CCS   Document 8   Filed 05/22/14   Page 3 of 5   PageID #: 32

that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Blount County Detention Center, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Blount County, Tennessee, and the county attorney for Blount County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**E N T E R :**

                                                s/ Thomas A. Varlan
                                                CHIEF UNITED STATES DISTRICT JUDGE